761 So.2d 1269 (2000)
STATE of Louisiana
v.
Christopher DEROUSELLE.
No. 99-K-3283.
Supreme Court of Louisiana.
April 28, 2000.
Reconsideration Denied June 30, 2000.
PER CURIAM:[*]
Granted. The decision of the Fourth Circuit is reversed and this case is remanded to the court of appeal for consideration of the defendant's remaining assignments of error.
*1270 Peremptory challenges must be exercised before the swearing of the jury panel, La.C.Cr.P. art. 795(B)(1), and the information disclosed by the juror on the second day of trial, while revealing a potential source of bias, did not necessarily provide the state grounds for a cause challenge. We therefore agree with the court of appeal that the trial judge could not, at that stage of the proceedings, properly grant the state one of its peremptory challenges remaining at the close of jury selection. Nevertheless, the result reached by the trial court was authorized by law. A trial judge has the discretion to replace a juror with an alternate upon finding that the juror has "become unable to perform or disqualified from performing" his or her duty. La.C.Cr.P. art. 789. In the present case, the trial court found that the juror had failed to reveal the potential source of bias during voir dire examination despite questions specifically designed to elicit the information as an aid to the state's exercise of its peremptory and cause challenges. Although conceding that the juror may have misunderstood the question, the court expressed doubts about the candor and veracity of the juror, who swore an oath before submitting to voir dire examination, La.C.Cr.P. art. 786, and who, upon selection to the panel, had also sworn to "try the case in a just and impartial manner... and to render a verdict according to the law and the evidence." La.C.Cr.P. art. 790. Under these circumstances, removing the juror (if not expressly disqualifying her) because of doubts raised by her lack of candor under oath about her competency to serve impartially, and replacing the juror with the alternate, represented the proper exercise of the trial court's discretion. See State v. Fuller, 454 So.2d 119, 123 (La.1984).
CALOGERO, C.J., would grant and docket.
NOTES
[*] Lemmon, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.